Filed 1/15/25  P. v. Navone CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C100244 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CR0115) |
| v. | |
| ANDREA DIONEE NAVONE, | |
| Defendant and Appellant. | |

A jury convicted defendant Andrea Dionne Navone of robbery after she took a hat from a store display, put it in her jacket, refused to return it when confronted by the store owner, and then shoved her way past the owner and fled the store.  On appeal, defendant contends:  (1) insufficient evidence supports the robbery conviction because video recordings from security cameras show that defendant did not willfully use force against the owner with an intent to steal and (2) our Supreme Court's interpretation of the robbery statute is mistaken and should not cover defendant's use of force in this case.  The People respond that:  (1) substantial evidence, including the surveillance video,

1

supports the jury's verdict and (2) we cannot reject binding precedent from our Supreme Court.  We agree with the People and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant entered a hardware store and walked to the back, to an area difficult for the store employees to see, took a hat from a display, and put it in her jacket.  The store owner and his bookkeeper saw this on the store's security cameras and went out to confront defendant.  As defendant walked down a store aisle toward the owner, the owner told her, "I would like my merchandise back."  They had a brief conversation before defendant handed the owner a sweater she had been carrying draped over her arm.  The security camera video shows defendant advancing towards the owner and trying to get around him before stopping and handing over the sweater when the owner blocked her path.

The owner then told defendant to give the hat back too.  Defendant told the owner, " 'I don't have anything else. . . .  Let me get out of here.  Take your stuff.  I'm leaving.' "  The owner continued to ask for the hat and moved to block defendant as she tried to get around him.  He testified that he never initiated contact with defendant, but just kept stepping in front of her and asking for his hat back.  When he blocked her way, defendant gave the owner a "good aggressive shove" and then another shove with her forearm and bolted past him.

The video shows the owner backing down the aisle while moving side to side to stay in front of defendant.  When they near the end of the aisle, with the owner blocking defendant, the video appears to show defendant extend her right arm towards the owner forcing him backwards.  Defendant then moves right towards the opening and appears to push the owner with her left arm before twisting her body to give another stronger shove with her right arm to get separation and propel her down a side aisle.

After defendant pushed the owner, he told his bookkeeper to let defendant go.  Defendant then ran out of the store while the owner followed, staying about 20 feet

2

behind her while calling the police on his cellular phone. The owner followed defendant for three to five minutes, through alleyways, down the street, and along the freeway, with defendant alternating between running and walking, until the owner began to get tired. When defendant began crossing the freeway, a police car drove up and an officer detained her. Defendant sat down, pulled the hat out of her jacket, and threw it at the officer's face.

Prior to trial, defendant admitted that she had previously been convicted of a serious felony, within the meaning of Penal Code[1] section 667, and that the alleged robbery occurred while defendant was on parole following a term of imprisonment for a serious felony, within the meaning of section 1203.085. After hearing the testimony of the owner and the police officer and watching the security camera video, the jury found defendant guilty of robbery.

At sentencing, the trial court struck defendant's prior serious felony conviction, suspended imposition of sentence, and placed defendant on probation. The prosecution then sought a writ of mandate from this court in case No. C099224 on the ground that the trial court could not grant probation because defendant had admitted committing the robbery while on parole following a term of imprisonment for a serious felony. This court issued an order following *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, informing the trial court that this court was considering issuing a peremptory writ of mandate and the trial court could avoid issuance of the writ by vacating the order granting probation and imposing a prison sentence.[2]

Consequently, the trial court held another hearing, vacated the order granting probation, and resentenced defendant. The court struck a five-year enhancement for a

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    We incorporate by reference our November 17, 2023 order issued in case No. C099224, the earlier writ proceeding in this case.

3

prior serious felony conviction and imposed the lower term sentence of two years in prison.

Defendant appeals.

## DISCUSSION

### I

*Substantial Evidence*

Defendant first contends that insufficient evidence supports the robbery conviction because video recordings from security cameras show that defendant did not willfully use force against the owner with an intent to steal. Specifically, defendant argues that the security camera footage shows the owner "continuingly advancing on [defendant]" and does not show the owner "moving at all as if he had been shoved." Rather, in defendant's telling, she merely brushes by the owner as she steps out of the aisle to get away, thus "[a]ny physical contact between [defendant] and [the owner] was a result of [the owner]'s actions, not as a result of willful force being employed by [defendant]." Defendant further argues, "There was insufficient evidence for a reasonable trier of fact to conclude that the physical contact between [defendant] and [the owner] was motivated by an intent to steal." We disagree.

### A

*Standard Of Review*

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) "We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply

4

because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility." (*Ibid.*) " 'The uncorroborated testimony of a single witness is sufficient to sustain a conviction, unless the testimony is physically impossible or inherently improbable.' " (*People v. Riazati* (2011) 195 Cal.App.4th 514, 532.)

B

*Elements Of Robbery*

"Robbery is the felonious taking of personal property in the possession of another, from his [or her] person or immediate presence, and against his [or her] will, accomplished by means of force or fear." (§ 211.)

These statutory elements have been more precisely defined by case law. " 'Taking' . . . has two aspects: (1) achieving possession of the property, known as 'caption,' and (2) carrying the property away, or 'asportation.' " (*People v. Gomez* (2008) 43 Cal.4th 249, 255.) Force must be "some quantum of force in excess of that 'necessary to accomplish the mere seizing of the property.' " (*People v. Anderson* (2011) 51 Cal.4th 989, 995; cf. *People v. Griffin* (2004) 33 Cal.4th 1015, 1025 ["for purposes of the crime of robbery, the degree of force utilized is immaterial"].) The forcible act must be "motivated by the intent to steal," but need not "include an intent to apply force against the victim or to cause the victim to feel fear." (*Anderson*, at pp. 991-992.)

Case law also defines the necessary timing for these elements. "[R]obbery in California is a continuing offense." (*People v. Gomez, supra*, 43 Cal.4th at p. 262.) "[A] taking is not over at the moment of caption; it continues through asportation." (*Id.* at p. 256.) Thus, "a robbery can be accomplished even if the property was peacefully or duplicitously acquired, if force or fear was used to carry it away." (*Ibid.*) "[A]sportation is not confined to a fixed point in time. The asportation continues thereafter as long as the loot is being carried away to a place of temporary safety." (*People v. Cooper* (1991) 53 Cal.3d 1158, 1165, fn. omitted.) "The force or fear element of robbery can be

satisfied during either the caption or the asportation phase of the taking." (*Gomez*, at p. 261.)

## C

### *Substantial Evidence Supports The Jury Verdict*

We conclude the record contains substantial evidence supporting the jury's findings that defendant used force sufficient to constitute robbery and did so with the intent to steal. Defendant concedes that the owner's testimony establishes that defendant used force but asks us to find that testimony contradicted by the security camera video. We conclude the video supports the owner's testimony and does not make his testimony "physically impossible or inherently improbable." (*People v. Riazati*, *supra*, 195 Cal.App.4th at p. 532.) Specifically, defendant incorrectly asserts that: (1) the video does not show the owner move as if he had been shoved and (2) shows the owner "continuingly advancing on [defendant]." The video clearly shows the owner retreating while moving side to side attempting to block the aisle, and a rational jury viewing the video could find that defendant shoved the owner multiple times. Accordingly, we cannot second-guess the jury's view and reject the owner's testimony.

Because defendant escaped from the store with the stolen hat, the jury was permitted to infer that she was "motivated by the intent to steal" (*People v. Anderson*, *supra*, 51 Cal.4th at pp. 991-992), when she shoved the owner. Accordingly, we find no merit in defendant's contention that insufficient evidence supports her conviction.

## II

### *Interpretation Of Robbery Statute*

Defendant also contends our Supreme Court's interpretation of the robbery statute is mistaken and should not cover defendant's use of force in this case. Specifically, defendant argues that use of force during the asportation phase of the taking does not turn a theft into a robbery but should instead be treated as a separate assault. The People point out that our Supreme Court has repeatedly said otherwise. (*People v. Williams* (2013)

6

57 Cal.4th 776, 787 ["Because larceny is a continuing offense, a defendant who uses force or fear in an attempt to escape with property taken by larceny has committed robbery"]; *People v. Anderson*, *supra*, 51 Cal.4th at p. 994 ["In California, '[t]he crime of robbery is a continuing offense that begins from the time of the original taking until the robber reaches a place of relative safety.' [Citation.] It thus is robbery when the property was peacefully acquired, but force or fear was used to carry it away"]; *People v. Gomez*, *supra*, 43 Cal.4th at p. 261 ["The force or fear element of robbery can be satisfied during either the caption or the asportation phase of the taking"]; *People v. Anderson* (1966) 64 Cal.2d 633, 638 ["In this state, it is settled that a robbery is not completed at the moment the robber obtains possession of the stolen property and that the crime of robbery includes the element of asportation, the robber's escape with the loot being considered as important in the commission of the crime as gaining possession of the property"].)

The decisions of our Supreme Court "are binding upon and must be followed by all the state courts of California." (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Accordingly, we cannot agree with defendant's argument.

We also note that the California courts' interpretation of section 211 is "not necessarily inconsistent with the common-law theory of robbery: A thief who finds it necessary to use force or threatened force after a taking of property in order to retain possession may in legal contemplation be viewed as one who never had the requisite dominion and control of the property to qualify as a 'possessor.' Hence, it may be reasoned, the thief has not 'taken' possession of the property until the defendant's use of force or threatened force has effectively cut off any immediate resistance to the defendant's 'possession.' " (2 Wharton's Criminal Law (16th ed. 2024) § 31:10.)

We must follow our Supreme Court and conclude the jury could properly find defendant guilty of robbery based on her using force to leave the store with the stolen hat.

DISPOSITION

The judgment is affirmed.

7

/s/
ROBIE, Acting P. J.

We concur:

/s/
RENNER, J.

/s/
FEINBERG, J.